UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:14-CV-00168-GNS-HBB

JERRI LAMARK CARVER, et al.                                                                                    PLAINTIFFS

v.

CITIFINANCIAL                                                                                                        DEFENDANT

# MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Citifinancial's Motion to Dismiss (Def.'s Mot. to Dismiss, DN 7). This motion is ripe for a decision, and for the reasons stated below, the Court **GRANTS** Defendant's Motion.

## I. BACKGROUND

On November 20, 2014, Plaintiffs Jerri LaMark Carver ("J. L. Carver"), Mary Inez Carver ("M. Carver"), and Willie Louis Wells ("Wells") filed a *pro se* complaint alleging racial discrimination in violation of the Civil Rights Act and discrimination on the basis of disability in violation of the Americans with Disabilities Act. (Compl., DN 1). Plaintiffs also allege that Defendant violated the Uniform Power of Attorney Act, failed to pursue the Home Affordable Modification Program, violated a court order, and engaged in predatory lending. (Compl., DN 1).

On December 15, 2014, Citifinancial filed a motion to dismiss, asserting, *inter alia*, that it had not been properly served. (Def.'s Mot. to Dismiss, DN 7). Responses to this motion were due on January 8, 2015, per Local Rule 7.1(c).[1] J. L. Carver filed a Motion for Amend Complaint with Evidence on January 8, 2015. (Mot. for Am. Compl. with Evidence, DN 9). J. L. Carver

---

[1] "A party opposing a motion must file a response memorandum within twenty-one (21) days of service of the motion." LR 7.1(c).

then filed a Motion for Extension of Time on January 23, 2015 (Mot. for Extension of Time; DN 10), which Magistrate Judge Brennenstuhl granted (Order; DN 14). Magistrate Judge Brennenstuhl granted leave for J. L. Carver to file an amended complaint (Order, DN 14), which he has done (Am. Compl., DN 15). Magistrate Judge Brennenstuhl denied M. Carver and Wells a further extension of time to respond to Defendant's motion to dismiss (Order, DN 19), and they have filed not responses to Defendant's motion. The motion is thus ripe for review as to M. Carver and Wells.[2]

## II. JURISDICTION

The Complaint in this matter alleges violations of federal law. This Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

## III. STANDARD OF REVIEW

The plaintiff bears the burden of perfecting service of process and showing that proper service was made. *Sawyer v. Lexington-Fayette Urban Cnty. Gov't*, 18 F. App'x 285, 287 (6th Cir. 2001).

## IV. DISCUSSION

In its Memorandum in Support of Its Motion to Dismiss, Citifinancial alleges that Plaintiffs improperly served it in two ways: 1) by serving a branch of Citifinancial in Louisville, Kentucky, rather than serving its designated agent for service of process through the Kentucky Secretary of State; and 2) by having the Summons and Complaint served by one of the Plaintiffs.

---

[2] Where it occurs henceforth in this Memorandum Opinion and Order, "Plaintiffs" refers only to M. Carver and Wells because Citifinancial's motion to dismiss does not address J. L. Carver's Amended Complaint.

Federal Rule of Civil Procedure 4(h)(1) states that a corporation must be served, in a judicial district in the United States, in one of two ways: in accordance with Federal Rule of Civil Procedure 4(e)(1); or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(A)-(B). Federal Rule of Civil Procedure 4(e)(1) states that an individual may be served in accordance with state law where the district court is located or the service is made. Fed. R. Civ. P. 4(e)(1). Citifinancial states that neither an officer, a managing agent, a general agent, nor any other agent authorized by appointment or law to receive service of process for it resides at that address. (Mem. in Supp. of Def.'s Mot. to Dismiss, DN 7-1 at 14). Because service was not obtained pursuant to Rule 4(h)(1)(A), Plaintiffs thus were required to serve Citifinancial pursuant to Kentucky law regarding service of process on corporations pursuant to Rule 4(h)(1)(B) and 4(e)(1).

Kentucky Rule of Civil Procedure 4.04(5) dictates that a corporation must be served by "serving an officer or managing agent thereof, or the chief agent in the county wherein the action is brought, or any other agent authorized by appointment or by law to receive service on its behalf." Citifinancial asserts that the Louisville location is not its principal office, its registered agent for service of process is not there, and it does not represent the address of any officer. (Mem. in Supp. of Def.'s Mot. to Dismiss, DN 7-1 at 13-14). Because they did not serve Citifinancial through either method dictated under the Rule 4(h)(1), Plaintiffs did not properly serve Citifinancial.

Additionally, Federal Rule of Civil Procedure 4(c)(2) dictates that a party may not serve a summons and complaint. Fed. R. Civ. P. 4(c)(2). If a party attempt to do so, improper service results. *Lee v. George*, No. 3:11-CV-00607, 2012 WL 1833389, at *3 (W.D. Ky. May 18, 2012)

(noting that service is improper where a plaintiff personally attempts to serve a defendant). J. L. Carver is a plaintiff in this case. (Compl., DN 1; Am. Compl., DN 15). The summons served on Citifinancial at 1850 S. Hurstbourne Parkway, Louisville, Kentucky, 40220, listed that it be returned to LaMark Carver for Lord's Legal. (DN 5 at 1). It was served on Citifinancial by LaMark Carver, Captain of Steele Security. (DN 5 at 2). Both "LaMark Carvers" listed P.O. Box 766 in Bowling Green, Kentucky 42102, as their address, indicating that, titles notwithstanding, they are the same LaMark Carver. (DN 5). Plaintiffs have not shown that J. L. Carver is not the LaMark Carver who served Citifinancial as it alleges. The Court must conclude that J. L. Carver served the Summons and Complaint on Citifinancial in violation of Rule 4(c)(2), resulting in improper service.

"[W]ithout proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction." *King v. Taylor*, 694 F.3d 650 (6th Cir. 2012). The Court must therefore dismiss this action on procedural grounds without reaching Defendant's arguments on the merits in its Motion to Dismiss. *See Himmelreich v. Fed. Bureau of Prisons*, 766 F.3d 576, 579 (6th Cir. 2014) ("[I]n the absence of jurisdiction, the court lacks the power to enter judgment.").

## V. CONCLUSION

As discussed above, Plaintiffs have failed to show that Defendant was properly served. Accordingly, **IT IS HEREBY ORDERED THAT** Defendant's Motion to Dismiss (DN 7) is **GRANTED**.

Greg N. Stivers, Judge
United States District Court

April 14, 2015

cc: counsel of record
Plaintiffs, *pro se*

4