UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:14-CV-00168-GNS-HBB

JERRI LAMARK CARVER                                                         PLAINTIFF

v.

CITIFINANCIAL                                                               DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss (Def.'s Mot. to Dismiss, DN 21). This motion is ripe for a decision, and for the reasons stated below, the Court **GRANTS** Defendant's Motion.

## I. BACKGROUND

On November 20, 2014, Plaintiffs Jerri LaMark Carver ("Carver"), Mary Inez Carver ("M. Carver"), and Willie Louis Wells ("Wells") filed a *pro se* complaint alleging racial discrimination in violation of the Civil Rights Act and discrimination on the basis of disability in violation of the Americans with Disabilities Act. (Compl., DN 1). Plaintiffs also alleged that Defendant violated the Uniform Power of Attorney Act, failed to pursue the Home Affordable Modification Program, violated a court order, and engaged in predatory lending. (Compl., DN 1).

On February 27, 2015, Carver filed an Amended Complaint (Am. Compl., DN 15) with the Court's permission (Order, DN 14). On April 15, 2015, the Court entered a Memorandum Opinion and Order granting summary judgment to Citifinancial as to all claims alleged in the original Complaint, which dismissed all claims alleged by M. Carver and Wells. (Mem. Op. & Order, DN 20).

On April 17, 2015, Citifinancial filed a Motion to Dismiss seeking to dismiss the Amended Complaint. (Def.'s Mot. for Summ. J., DN 21). A response to this motion was due on May 11, 2015, per Local Rule 7.1(c).[1] Carver did not file a timely response. The motion is thus ripe for review.

## II. JURISDICTION

The complaint in this matter alleges violations of federal law. This Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

## III. STANDARD OF REVIEW

The plaintiff bears the burden of perfecting service of process and showing that proper service was made. *Sawyer v. Lexington-Fayette Urban Cnty. Gov't*, 18 F. App'x 285, 287 (6th Cir. 2001).

## IV. DISCUSSION

In its Memorandum in Support of Its Motion to Dismiss, Citifinancial alleges that Carver improperly served it in two ways: 1) by serving a branch of Citifinancial in Louisville, Kentucky, rather than serving its designated agent for service of process through the Kentucky Secretary of State; and 2) by serving the Summons and Complaint himself. (Mem. in Supp. of Def.'s Mot. to Dismiss 5-8, DN 21-1 [hereinafter Mem. in Supp.]) .

Federal Rule of Civil Procedure 4(h)(1) states that a corporation must be served, in a judicial district in the United States, in one of two ways: in accordance with Federal Rule of Civil Procedure 4(e)(1); or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to

---

[1] "A party opposing a motion must file a responsive memorandum within twenty-one (21) days of service of the motion." LR 7.1(c).

2

receive service of process . . . ." Fed. R. Civ. P. 4(h)(1)(A)-(B). Federal Rule of Civil Procedure 4(e)(1) states that an individual may be served in accordance with state law where the district court is located or the service is made. Fed. R. Civ. P. 4(e)(1). Citifinancial states that neither an officer, a managing agent, a general agent, nor any other agent authorized by appointment or law to receive service of process for Citifinancial resides at that address. (Mem. in Supp. 6). Because service was not obtained pursuant to Rule 4(h)(1)(A), Carver was required to serve Citifinancial pursuant to Kentucky law regarding service of process on corporations pursuant to Rule 4(h)(1)(B) and 4(e)(1).

Kentucky Rule of Civil Procedure 4.04(5) dictates that a corporation must be served by "serving an officer or managing agent thereof, or the chief agent in the county wherein the action is brought, or any other agent authorized by appointment or by law to receive service on its behalf." Citifinancial asserts that the Louisville location is not its principal office, its registered agent for service of process is not there, and it does not represent the address of any officer. (Mem. in Supp. 6). Because he did not serve Citifinancial through either method dictated under the Rule 4(h)(1), Carver did not properly serve Citifinancial.

Additionally, Federal Rule of Civil Procedure 4(c)(2) dictates that a party may not serve a summons and complaint. Fed. R. Civ. P. 4(c)(2). If a party attempts to do so, improper service results. *Lee v. George*, No. 3:11-CV-00607, 2012 WL 1833389, at *3 (W.D. Ky. May 18, 2012) (noting that service is improper where a plaintiff personally attempts to serve a defendant). Carver is the sole remaining plaintiff in this case. The summons served on Citifinancial at 1850 S. Hurstbourne Parkway, Louisville, Kentucky, 40220, listed that it be returned to LaMark Carver for Lord's Legal. (Summons 1, DN 5). It was served on Citifinancial by LaMark Carver, Captain of Steele Security. (Summons 2). Both "LaMark Carvers" listed P.O. Box 766 in

3

Bowling Green, Kentucky 42102, as their address, indicating that, titles notwithstanding, they are the same LaMark Carver. (Summons 1-2). Carver has not shown that he is not the LaMark Carver who served Citifinancial as it alleges. The Court must conclude that Carver served the Summons and Complaint on Citifinancial in violation of Rule 4(c)(2), resulting in improper service. Despite the Court's April 15, 2015 Memorandum Opinion and Order discussing these defects, the record does not reflect any attempt by Carver to properly effectuate service.

"[W]ithout proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant." *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012) (citations omitted). The Court must therefore dismiss this action on procedural grounds without reaching Defendant's arguments on the merits in its Motion to Dismiss. *See Himmelreich v. Fed. Bureau of Prisons*, 766 F.3d 576, 579 (6th Cir. 2014) ("[I]n the absence of jurisdiction, the court lacks the power to enter judgment." (citation omitted)).

### V. CONCLUSION

As discussed above, Carver has failed to show that Defendant was properly served. Accordingly, **IT IS HEREBY ORDERED THAT** Defendant's Motion to Dismiss (DN 21) is **GRANTED**. The Clerk **SHALL STRIKE** this case from the active docket.

Greg N. Stivers, Judge
United States District Court

June 1, 2015

cc:   counsel of record
      Jerri LaMark Carver, *pro se*